IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SEAN N. PITTY, | Case No. 5:23-cv-02034-PAB |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| CONRAD'S LASERWASH COMPANY, INC., | |
| Defendant. | MEMORANDUM OPINION AND ORDER |

Before the Court is the parties' Joint Motion for Court Approval of Confidential Settlement Agreement and Release. (Doc. No. 7.) For the following reasons, the Court DENIES the parties' Joint Motion for Approval.

I.   **Background**

On October 17, 2023, Plaintiff Sean N. Pitty ("Pitty") filed a Complaint in this Court against Defendant Conrad's Laserwash Company, Inc. ("Conrad's"). (Doc. No. 1.) Pitty was an assistant manager at Conrad's from March 31, 2022, until approximately July 8, 2023. (*Id*. at ¶ 10.) He alleges that Conrad's violated the Fair Labor Standards Act ("FLSA") by misclassifying him and failing to pay him overtime wages. (*Id*. at ¶¶ 26-38.)

On October 20, 2023, the parties filed a Joint Motion to Seal Settlement Agreement, writing that they had resolved this case and asking to file their settlement agreement under seal for court approval. (Doc. No. 5.) The Court granted in part and denied in part the parties' Motion. (Doc. No. 6.) The Court ordered the parties to file both a redacted version of their motion for court approval on the public docket and an unredacted version under seal. (*Id*.) The Court advised it would then review

the documents and consider whether the parties provided sufficient justification for maintaining the motion and settlement agreement under seal. (*Id.*)

On October 25, 2023, the parties filed sealed (Doc. No. 7) and redacted (Doc. No. 8) versions of their Joint Motion for Court Approval of Confidential Settlement Agreement and Release.

## II.     Legal Standard

The FLSA is a "broadly remedial and humanitarian statute," *Sec'y of Labor v. Timberline S., LLC*, 925 F.3d 838, 845 (6th Cir. 2019), designed "to protect certain groups of the population from substandard wages and excessive hours which endanger[] the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The FLSA's provisions are mandatory and generally not subject to bargain, waiver, or modification by contract or settlement, except in two narrow exceptions. *See Brooklyn Savings Bank*, 324 U.S. at 706; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The first exception—not applicable here—involves FLSA claims that the Secretary of Labor supervises under 29 U.S.C. § 216(c). *See Lynn's Food Stores*, 679 F.2d at 1353. The second exception, which this case falls into, is when an employee brings a private action in federal district court under 29 U.S.C. § 216(b) and presents the district court a proposed settlement. *Id*. District courts within the Sixth Circuit routinely require court approval of FLSA settlements, even when such settlements involve individual (as opposed to collective) claims. *See, e.g., Camp v. Marquee Constr., Inc.*, 2020 U.S. Dist. LEXIS 1365 at *2 (S.D. Ohio Jan. 6, 2020) (collecting cases); *see also Ramsey v. FirstEnergy Corp.*, 2023 U.S. Dist. LEXIS 184123 at *6 (N.D. Ohio Oct. 13, 2023) (Lioi, J.).

In reviewing a proposed FLSA settlement, "a court must scrutinize the proposed settlement for fairness and determine whether the settlement is a 'fair and reasonable resolution of a bona fide

dispute over FLSA provisions.'" *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, 2012 U.S. Dist. LEXIS 181808 at *4 (E.D. Tenn. Dec. 26, 2012) (quoting *Lynn's Food Stores*, 679 F.2d at 1354). "Courts should consider the following factors in determining whether a proposed FLSA settlement is fair and reasonable: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Snook v. Valley OB-GYN Clinic, P.C.*, 2014 U.S. Dist. LEXIS 177517 at *3 (E.D. Mich. Dec. 29, 2014) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

"One additional consideration of which courts must remain cognizant in FLSA settlements is confidentiality." *Green v. Hepaco, LLC*, 2014 U.S. Dist. LEXIS 83155 at *9 (W.D. Tenn. June 12, 2014). Numerous courts, including within the Sixth Circuit, have found that "[a] confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1031 (W.D. Tenn. 2016) (quoting *Dees*, 706 F. Supp. 2d at 1242); *see also Zego v. Meridian-Henderson*, 2016 U.S. Dist. LEXIS 113048 at *3 (S.D. Ohio Aug. 24, 2016) ("The Court agrees with the majority of courts that have considered this issue, including courts within the Sixth Circuit, and held that '[a] confidentiality provision in an FLSA settlement agreement . . . contravenes the legislative purpose of the FLSA.'"); *Nutting v. Unilever Mfg. (U.S.)*, 2014 U.S. Dist. LEXIS 91894 at *12 (W.D. Tenn. June 13, 2014).

This is because "[c]onfidentiality agreements arguably impair the right of employees to engage in their own protected activity and at the same time advise co-workers about their own rights

under the FLSA, both of which run counter to the letter and the spirit of the statute." *David v. Kohler Co.*, 2019 U.S. Dist. LEXIS 213737 at *14 (W.D. Tenn. Dec. 10, 2019). Therefore, "[i]f the parties want the court to approve a settlement agreement with a confidentiality provision, it is their burden 'to articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process.'" *Williams v. Alimar Sec., Inc.*, 2017 U.S. Dist. LEXIS 13530 at *3 (E.D. Mich. Feb. 1, 2017) (quoting *Alewel v. Dex One Serv.*, 2013 U.S. Dist. LEXIS 181002 at *11 (D. Kan. Dec. 30, 2013)).

### III. Analysis

Here, the parties' proposed Confidential Settlement Agreement and Release of All Claims contains the following confidentiality provision:

> 7. <u>Confidentiality</u>. Pitty and Conrad's agree that they will not talk about, write about, or otherwise publicize or disclose at any time to any person the terms or existence of this Agreement, or any fact concerning its negotiation, execution, or implementation, or any information disclosed or produced in the Litigation, whether in documentary or testimonial form, now or in the future; <u>provided</u>, however, that Pitty and Conrad's may disclose such information to the following individuals: (a) Pitty's spouse; (b) the parties' respective attorneys; (c) as may be necessary for the proper tax treatment of the costs, expenses or proceeds of the Settlement Payments, including disclosure to tax accountants, tax advisors, or taxing authorities; and (d) as is otherwise required by law or court order. Further, Conrad's may communicate to employees, agents, and insures of Conrad's who have a legitimate business reason for disclosure. Other than as set forth above, Pitty and Conrad's shall respond to any inquiry concerning this matter by stating only that "The matter has been resolved" or words to that effect and nothing else.
>
> The provisions of this Paragraph 7 concerning confidentiality obligations are expressly acknowledged by the parties to constitute material consideration for the obligations under this Agreement, and any breach of these confidentiality provisions shall afford the non-breaching party an action in law to recover the actual damages incurred thereby, including the Settlement Payments made directly to Pitty pursuant to this Agreement.

(Doc. No 7-1, PageID# 42.)

The Court finds that the above provision contravenes "Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace." *Dees*, 706 F. Supp. 2d at 1245.  In its Order granting in part and denying in part the parties' Joint Motion to Seal Settlement Agreement, the Court advised the parties that their "joint motion for approval of the settlement agreement should include further briefing on the issue of the enforceab[ility] of confidentiality provisions in FLSA agreements." (Doc. No. 6.)  Yet, the parties provided no further briefing on this issue in their Joint Motion for Approval.  Previously in their Joint Motion to Seal Settlement Agreement, the parties generally argued that "the benefit of honoring [the confidentiality provision] outweighs the interest of having the agreement available for public view, especially when a potential consequence could include the decision not to pursue settlement." (Doc. No. 5, PageID# 22.)

"A business's general interest in keeping its legal proceedings private does not overcome the presumption of openness in the circumstances presented in this case." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003); *see also Steele*, 172 F. Supp. 3d at 1030 ("any ostensible privacy right that would be invaded by publishing the settlement agreement pales in comparison to . . . the purpose of the FLSA"); *Green*, 2014 U.S. Dist. LEXIS 83155 at *14 ("the privacy interests asserted by Plaintiff and Defendant do not overcome the presumption of public access to FLSA settlement agreements").

Moreover, the Court rejects the parties' argument that refusing to enforce the confidentiality provision would disincentivize settlement.  Several courts have noted that "[e]ven in the absence of confidentiality provisions, there is ample incentive within the FLSA for parties to settle." *Thompson v. Deviney Constr. Co.*, 2017 U.S. Dist. LEXIS 231781 at *6 (W.D. Tenn. Dec. 15, 2017); *see also*

5

*Green*, 2014 U.S. Dist. LEXIS 83155 at *13 ("[C]ourts have 'roundly rejected' the argument that confidentiality provisions are essential and material components of FLSA settlement agreements without which there would be no incentive to settle costly litigation."). Rather, "Congress intended to encourage FLSA settlements not through confidentiality provisions, but rather through 'the waiver provision found in 29 U.S.C. § 216(c), which grants an enforceable release to employers from any right any employee may have to . . . unpaid overtime compensation, and liquidated damages, when an FLSA settlement agreement is approved.'" *Thompson*, 2017 U.S. Dist. LEXIS 231781 at *6 (quoting *Bouzzi v. F&J Pine Rest., LLC*, 841 F. Supp. 2d 635, 640 (E.D.N.Y. 2012)).

Accordingly, the Court finds that the parties have failed to articulate a real and substantial interest that justifies enforcing the confidentiality provision of their proposed FLSA Settlement Agreement.

## IV. Conclusion

For the foregoing reasons, the Court DENIES the parties' Joint Motion for Approval of Confidential Settlement Agreement and Release. (Doc. No. 7.) No later than November 14, 2023, the parties shall file either (1) a renewed motion for approval and a revised settlement agreement without the confidentiality provision; or (2) a joint notice advising the Court that the parties have withdrawn from the settlement and the Court should proceed with this litigation.

**IT IS SO ORDERED.**

                                                *s/Pamela A. Barker*
                                                PAMELA A. BARKER
Date:  October 31, 2023                        U.S. DISTRICT JUDGE